UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

ALLEN YU and NORTH LONG ISLAND REALTY, LLC

                                      Complaint

                 Plaintiffs'

                                    Jury Trial Demand

              -against-

THE INCORPORATED VILLAGE OF OYSTER BAY COVE;
ROBERT WALLES, as Code Enforcement Officer, the Incorporated
Village of Oyster Bay Cove and ROBERT A. PETERSON, as
Building Inspector, the Incorporated Village of Oyster Bay Cove
each sued in their official and individual capacities

                                  Defendants'
------------------------------------------------------------------------------X

      Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC files this federal

complaint against Defendants' THE INCORPORATED VILLAGE OF OYSTER BAY COVE,

ROBERT WALLES and ROBERT A. PETERSON, alleging that:

## **PLAINTIFFS'**

      1.     Plaintiff ALLEN YU is the principal owner of NORTH LONG ISLAND

REALTY, LLC and self-identifies as Chinese.

      2.     Plaintiff NORTH LONG ISLAND REALTY, LLC, is an inactive domestic

limited liability corporation formally legally operating under the laws of the State of New York,

and at all relevant times operated as a holding company.

## **DEFENDANTS'**

      3.     Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE is a

municipal corporation organized under the laws of the State of New York.

      4.     Defendant ROBERT WALLES, as Code Enforcement Officer, the Incorporated

Village of Oyster Bay Cove.

     5.      Defendant ROBERT A. PETERSON, as Building Inspector, the Incorporated Village of Oyster Bay Cove.

## **BACKGROUND**

     6.      Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that at all times relevant herein, owns the real property known as 156 Cove Road, Oyster Bay Cove, N.Y., 11771, Section: 27 Block: G Lot: 1506, a 4.31-acre parcel of land with a residence. ("Premises").

     7.      Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that according to the 2000 Census, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE is composed of 2,262 residents, 725 households, and 633 families in the village. The racial makeup of the Village was: 90.23% White, 5.97% Asian, 1.77% African American, 0.09% Native American, 0.97% from other races, and 0.97% from two or more races. Hispanic or Latino of any race were 1.68%. Upon information and belief, the aforementioned data remains consistent from January 1, 2016 through this filing.

     8.      Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on or about December 19, 2005, the previous owner Ms. Carol M. DuBois ("Grantor") granted a Conservation Easement of a 2.0065 parcel, in perpetuity, to the North Shore Land Alliance, Old Westbury, NY 11568 ("Grantee") and to extinguish the development of rights on the said 2.0065 acre Parcel, so that the subject 2.0065 acre Parcel shall remain in its open, undeveloped, natural and scenic state.

     9.      Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on September 2, 2014, the Premises, was purchased from the Estate of Carol M. DuBois to North

Long Island Realty, LLC, 6 Sunrise Street, Plainview, NY 11803, with an Executor's Deed in consideration of $1.31 million dollars. The original DuBois deed dated June 28, 1957, in Liber 6232 Page 564.

10.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that several Caucasian residents are upset that he and his Chinese family (**undesirable)** purchased the aforementioned Premises from the Estate of Carol M. DuBois and immediately began their campaign of racial and national origin harassment in conspiracy with Defendants' THE INCORPORATION OF OYSTER BAY COVE; ROBERT WALLES and ROBERT A. PETERSON acting on behalf of other similarly situated Caucasian residents using the Zoning Board, Planning Board, Village Court, Buildings and Police Department to frustrate and decrease Plaintiffs' property valuation and diminishment of personal resources to in essence force the sale of the Premises to a more **desirable** family.

11.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that **undesirable** is a code word for minorities.

12.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that **desirable** is a code word for Caucasian.

13.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that there are several references to such biased codes in letters and testimony submitted to Defendants' THE INCORPORATION OF OYSTER BAY COVE; ROBERT WALLES and ROBERT A. PETERSON.

14.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendants' THE INCORPORATION OF OYSTER BAY COVE; ROBERT WALLES and ROBERT A. PETERSON acted in support of such biased codes thereby, frustrating and

devaluing Plaintiffs' property valuation and diminishment of personal resources. i.e. unrecoverable costs related to various government application fees, professional fees, surveys, environmental impact studies, legal fees, court penalties and the like.

15.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges on September 15, 2014, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON issued a Stop Work Order, without citing a law, regulation or code claiming he personally observed extensive construction work being performed on the principal dwelling and the accessory cottage without the benefit of a building permit.

16.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON initiated such action in support several Caucasian residents' campaign of racial and national origin harassment against Plaintiff and his family as there was no public safety issue to consider.

17.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on November 21, 2014, they filed along with the requisite fee of $8,575, an Application & Building Permit No.: 14-0094, with Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through its Buildings Department seeking permission to make alterations to the interior of the existing residence.

18.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that the estimated projected costs were $790,000.

19.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that after review, the Application & Building Permit No.; 14-0094, with Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE, through its Buildings Department

was approved by Defendant ROBERT A. PETERSON with an expiration date of November 21, 2015.

20.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on February 18, 2015, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE, through Defendant ROBERT A. PETERSON sent a letter claiming that the Building Department needs documentation regarding the Geothermal heat pump system. The letter state that Chapter 177 – Section 177-3 of the Village Code requires Planning Board approval if wells are installed within a 100 ft. buffer to a regulated body.

21.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON initiated such action in support several Caucasian residents' campaign of racial and national origin harassment against Plaintiff and his family as there was no public safety issue to consider.

22.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on March 2, 2015, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE, through Defendant ROBERT A. PETERSON sent a letter claiming that the Building Department is in receipt of the updated survey dated February 22, 2015, denoting the location of the proposed Geothermal wells therefore, did not lift the Stop Work Order because the survey was not certified.

23.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON initiated such action in support several Caucasian residents' campaign

5

of racial and national origin harassment against Plaintiff and his family as there was no public safety issue to consider.

24.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on April 27, 2015, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE, through Defendant ROBERT A. PETERSON sent a letter claiming that the Building Department is in receipt of the updated survey dated February 22, 2015, prepared by Michael Wicks, LS but did not stipulate the setback from the northeasterly well to the creek on the neighboring property therefore, did not lift the Stop Work Order.

25.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON initiated such action in support several Caucasian residents campaign of racial and national origin harassment against Plaintiff and his family as there was no public safety issue to consider.

26.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on May 13, 2015, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE, through Defendant ROBERT A. PETERSON sent a letter claiming that the Building Department is in receipt of the updated survey dated April 17, 2015, prepared by Michael Wicks, LS denoting that the second (easterly) well location 93.0 ft. to the northerly creek located on the Miller property. Chapter 177 – Section 177.3 (A)(7) stipulates that any well installed within a 100 ft. buffer area of the Wetland is **prohibited** unless approved by the Village Planning Board. Therefore, requesting Plaintiff's intention to either move the existing Well location or seek approval from the Planning Board.

27.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON initiated such action in support several Caucasian residents' campaign of racial and national origin harassment against Plaintiff and his family as there was no public safety issue to consider.

28.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on December 21, 2015, they filed along with the requisite fee of $1,390, an Application & Building Permit No.: 15-0082, with Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through its Buildings Department seeking permission to make alterations to the exterior including a two car garage, a side entry, cottage, decks and an expanded driveway.

29.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that after review, the Application & Building Permit No.; 15-0082, with Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE, through its Buildings Department was approved by Defendant ROBERT A. PETERSON with an expiration date of December 14, 2016, for the two car garage and side entry but, excluding the cottage, decks and an expanded driveway claiming those require approval by the Planning Board.

30.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON initiated such action in support several Caucasian residents' campaign of racial and national origin harassment against Plaintiff and his family as there was no public safety issue to consider.

31.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on May 2, 2015, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE,

through Defendant ROBERT A. PETERSON sent a letter claiming that the Building Department is in receipt of the latest submission from your architect and needs the following information to issue a zoning denial: an updated survey including all structures on the property; an updated Lot Coverage calculations inclusive of decks, Cottage, main house and garage addition. All structures, patio's etc. except driveways and walkways and setbacks on a new survey from the cottage and the decks to property line and to creeks. Once the zoning denial is received it can be included in the Zoning Board application.

32.  Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON initiated such action in support several Caucasian residents' campaign of racial and national origin harassment against Plaintiff and his family as there was no public safety issue to consider.

33.  Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on June 27, 2016, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT WALLES signed an Information for Code Violation Ticket No.: 16-003, containing three (3) counts claiming that on June 9, 2016, that "I personally observed that excavation and grading for expansion of a driveway has occurred and the installation of a bluestone surface for the same. A Search of the Village records indicated that no building permit, excavation or grading permit, site plan approval or other type of Village approval had been issued for any of this work. The source of the statements made herein and the grounds for the belief of the same are my own personal knowledge."

34.  Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant

8

ROBERT WALLES initiated such action in support several Caucasian residents' campaign of racial and national origin harassment against Plaintiff and his family as there was no public safety issue to consider.

35.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on July 20, 2016, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT WALLES issued an Appearance Ticket No.: 16-002, to Mr. Allen Yu claiming that on June 9, 2016, he personally observed construction without a permit, unapproved site plan changes, unapproved grading and excavation in violation of Section 264-3 and 156-1 of the Village Code.

36.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON initiated such action in support several Caucasian residents' campaign of racial and national origin harassment against Plaintiff and his family as there was no public safety issue to consider.

37.     Shortly thereafter, Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC sent an email to the North Shore Land Alliance the holder of the Conservation Easement regarding the placement of a proposed fence.

38.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on August 19, 2016, Ms. Jane Jackson, the Director of Stewardship of the North Shore Land Alliance responded to Mr. Allen Yu with a copy of the Conservation Easement. Ms. Jackson indicates upon review of the Conservation Easement; **we do not feel that your installation of a fence on the property is prohibited by the easement.**

39.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that the holder of the Conservation Easement **has never filed a complaint claiming Plaintiffs' violated the terms of the Conservation Easement**.

40.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on September 26, 2016, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON filed an Appearance Ticket No.: 16-003, against Plaintiffs' claiming work without permits: (1) altering non-conforming cottage/accessory structure without permits – OBC Code Section 320-53; (2) installing fence along easterly property line and two (2) driveway entrance gates without permits – OBC Code Section 320-57 (a) – construction activity within 100 ft. wetland buffer – OBC Code Section 177-3 (1); (3) constructing (2) two on-grade decks in the rear yard adjacent to cottage without permits – OBC Code Section 320-1 (structure) – construction activity within 100 ft. wetland buffer – OBC Code Section 177-3 (1); and installing a chainlink roofless enclosure between two (2) pre-existing non-conforming sheds – OBC Code Section 320-1 (accessory building) - construction activity within 100 ft. wetland buffer – OBC Code Section 177-3 (1) and issued a Stop Work Order.

41.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON initiated such action in support several Caucasian residents' campaign of racial and national origin harassment against Plaintiff and his family as there was no public safety issue to consider.

42.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on November 16, 2016, he submitted a Short Environmental Assessment Form to Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE regarding the Maintenance of

Yu Improvements to be completed on the South West Side of Cove Road: maintain two gates, fence, two decks, roofless enclosure, roof over slate porch and driveway expansion. The assessment indicates that the comprehensive plan will not harm the environment and maintains the predominate character of the existing built or natural landscape.

43.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that upon information belief, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE other than "personal subjective opinions'" has not produced any "objective" evidence to suggest otherwise.

44.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on November 16, 2016, they submitted an Application for Residential Building Permit to Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON to maintain: 2 existing decks; a roofless enclosure; 2 gates; fence; regrading driveway; alteration of accessory structure; and lights.

45.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on November 26, 2016, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON sent a Request for Further Information regarding the accessory building alternations (formerly cottage), driveway expansion, decks & pergola's, entry piers & gates, roofless fence enclosures, fences & side entry portico for the application and review process before the Zoning Board and Planning Board.

46.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on December 21, 2016, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON signed a Superseding Information for Code Violation Ticket No.: 16-003, containing fourteen (14) counts claiming that on September 26,

2016, that "I personally observed that a fence had been installed along the easterly property line and two driveway entrance gates. I also observed two on-grade decks in the rear yard had been built adjacent to the cottage. I further observed that a chainlink roofless enclosure had been installed between two pre-existing non-conforming sheds. All of these structures were located within the 100 foot wetlands buffer area. A search of the Village records indicated that no building permit, Planning Board approval or other type of Village approval had been issued for any of these structures. I also observed that the nonconforming cottage on the property had been altered to increase its nonconformity. No building permits or other Village approvals had been issued for this alteration. The source of the statements made herein and the grounds for the belief of the same are my own personal knowledge."

47.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON initiated such action in support several Caucasian residents' campaign of racial and national origin harassment against Plaintiff and his family as there was no public safety issue to consider.

48.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on December 21, 2016, Ms. Melinda L. Mackay in support of she and other similarly situated Caucasian residents using Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE'S Zoning Board, Planning Board, Village Court, Buildings and Police Department to frustrate and decrease Plaintiffs' property valuation and diminishment of personal resources to in essence force the sale of the residence to a more **desirable** family. Ms. Mackay signed an Information for Code Violations claiming that on November 28, 2016, she "personally observed that two dogs, a Doberman Pincher and a Mastiff, were continuously barking from 9:00 am to

11:00 am which was extremely annoying and unreasonable. I personally observed that these dogs belong to ALLEN Yu who resides at the property located at 156 Cove Road, Oyster Bay Cove, New York. These dogs also ventured off of their property at various points during the time and entered onto my property. The dogs were at large, not on a leash, nor under the direct supervision of any person. The source of the statements made herein and the grounds for the belief of the same are my own personal knowledge."

49.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on January 30, 2017, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE, through Defendant ROBERT A. PETERSON sent a letter claiming that the Building Department has completed its review of the updated survey, site plan with zoning calculation submitted by Charles Panetta, PE, LS dated January 17, 2017, and the following submissions need to be completed and submitted: (1) cottage – Zoning and Planning Board; (2) driveway expansion – Planning Board; (3) driveway piers and gates – Zoning Board Appeals and Planning Board; (4) side roof over portico – Planning Board; (5) wood decks and pergola's – Planning Board; (6) roofless fenced in enclosure – Zoning Board Appeals and Planning Board); and (7) newly installed chain link fencing – Planning Board.

50.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on January 30, 2017, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON sent a Request for Further Information regarding the accessory building alternations (formerly cottage), driveway expansion, decks & pergola's, entry piers & gates, roofless fence enclosures, fences & side entry portico for the application and review process before the Zoning Board and Planning Board.

51.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on March 16, 2017, entered into a sale of good consideration, filing a Bargain and Sale Deed With Covenants transferring the Premises to ALLEN YU.

52.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on March 27, 2017, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE, through Defendant ROBERT A. PETERSON sent a letter claiming that his driveway lighting and colored lighting in the trees are in violation of Chapter 200 of the Village Ordinance.

53.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON initiated such action in support several Caucasian residents' campaign of racial and national origin harassment against Plaintiff and his family as there was no public safety issue to consider.

54.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on April 5, 2017, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE, through Defendant ROBERT A. PETERSON sent a letter denying the application to maintain alterations to the cottage, existing driveway entrance piers, erecting new driveway gates and maintain a roofless fenced in enclosure.

55.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON initiated such action in support several Caucasian residents' campaign of racial and national origin harassment against Plaintiff and his family as there was no public safety issue to consider.

56.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on April 19, 2017, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON signed an Information for Code Violation Ticket No.: _____, containing three hundred seventy (370) counts claiming that between October 3, 2016 through April 12, 2017, that on September 26, 2016, "I personally observed that a fence had been installed along the easterly property line and two driveway entrance gates. I also observed two on-grade decks in the rear yard had been built adjacent to the cottage. I further observed that a chainlink roofless enclosure had been installed between two pre-existing non-conforming sheds. All of these structures were located within the 100 foot wetlands buffer area. A search of the Village records indicated that no building permit, Planning Board approval or other type of Village approval had been issued for any of these structures. I also observed that the nonconforming cottage on the property had been altered to increase its nonconformity. No building permits or other Village approvals had been issued for this alteration.

57.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on April 19, 2017, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON signed an Information for Code Violation Ticket No.: _____, containing three hundred seventy (370) counts claiming that between October 3, 2016 through April 12, 2017, that on April 12, 2017, "I observed all of the above structures in substantially the same position and condition as September 26, 2017, which indicated that there had been no change during the intervening time, and that the structures were in the same condition, on all such intervening dates, including but not limited to, October 3rd, 10th, 17th, 24th, 31st, November 7th, 14th, 21st, 28th, December 6th, 13th, 20th, 27th, March 6th, 13th, 20th, and 27th of 2017. A search of the Village records indicated that no building permit, Planning Board approval

or other type of Village approval had been issued for any of these structures as of any of these dates."

58.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on April 19, 2017, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON signed an Information for Code Violation Ticket No.: _____, containing three hundred seventy (370) counts claiming that between October 3, 2016 through April 12, 2017, that on April 12, 2017, "I also observed a new chain link fence enclosure was being constructed abutting the west property line, which I believe is to be used as a dog run, which is a structure. This structure is located within the forty foot side yard setback and within the 100 foot wetlands buffer. A search of the Village records indicated that no building permit, Planning Board approval or other type of Village approval had been issued for this structure."

59.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on April 19, 2017, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant ROBERT A. PETERSON signed an Information for Code Violation Ticket No.: _____, containing three hundred seventy (370) counts claiming that between October 3, 2016 through April 12, 2017, that on April 12, 2017, "I observed that exterior lighting had been installed along the driveway, fence and in the trees. The lights were not properly shielded so as to prevent the illumination or spill over to the adjoining property, and the light source would be visible from the property line."

60.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on April 19, 2017, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE

through Defendant ROBERT A. PETERSON claims to have made the aforementioned

statements as defined in Paragraph Nos.: 54 – 60, based upon his own personal knowledge.

61.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that

Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through Defendant

ROBERT A. PETERSON initiated such action in support several Caucasian residents' campaign

of racial and national origin harassment against Plaintiff and his family as there was no public

safety issue to consider.

62.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that

on April 19, 2017, Mrs. Elizabeth O'Neill in support of the campaign of racial and national

origin harassment with Defendants' THE INCORPORATION OF OYSTER BAY COVE;

ROBERT WALLES and ROBERT A. PETERSON acting on behalf of other similarly situated

Caucasian residents using the Zoning Board, Planning Board, Village Court, Buildings and

Police Department to frustrate and decrease Plaintiffs' property valuation and diminishment of

personal resources to in essence force the sale of the residence to a more **desirable** family, sent a

signed letter to Village Acting Justice Frank M. Esposito "falsely" claiming that since May 2016,

Mr. Yu: is in possession of dangerous, annoying and at large dogs; creating a disturbance of

protected wetland areas and dangerous and illegal outdoor illumination.

63.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that

Mrs. Elizabeth O'Neill's true motivation for the aforementioned "false" representations as

outlined the letter is that: "her northwest property line consists of a natural stream running for

approximately 600 feet adjourning the neighbor's property. Two five-foot wide foot bridges

approximately 15 feet in length have been maintained across the stream **since the 1930s**

**allowing four generations of the O'Neill family free access to the open land at the western end of neighbor's property**."

64.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Mrs. Elizabeth O'Neill initiated such action in support several Caucasian residents' campaign of racial and national origin harassment against Plaintiff and his family as there was no public safety issue to consider.

65.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on the record, on April 17, 2017, Village Acting Associate Judge Frank Esposito's "personal opinion," is that looking at some of the pictures of the Doberman Pincher, "I have to be honest with you. In this Court's opinion, that dog looks vicious. It is what it is." Pages 23 – 24.

66.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on the record, during the aforementioned hearing Mrs. Nancy Hussey offered the following testimony about Plaintiffs: I live right across the street from Mrs. O'Neill. I bought the house because it is a lovely quiet country area. Nobody has any fears or worries in the whole neighborhood. We are country people. We garden, and when we garden and when dogs get loose and attack, we have to do something about it. **These people come in. The place looks like Alcatraz. It's full of floodlights, it's full of chain link fences. It's full of these two large dogs, trained guard dogs. It is an affront to all of us in the neighborhood...** Page 19. I object strenuously as everyone else does. We have to drive in, **it looks like Alcatraz. We have no reason to have chain link fences. We have no reason to have floodlights. We have no reason to have giant guard dogs who get loose and nip all of us...** Page 20.

67.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that his Doberman Pincher has not nipped anyone and there is no such evidence.

68. Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on the record, whenever his counsel attempted to assert Plaintiffs' legal rights, Village Acting Associate Judge Frank Esposito threatened to hold him in contempt, then claimed "we have a dangerous animal" without any objective "credible" evidence. Page 28.

69. Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on the record, during the aforementioned hearing Village Acting Associate Judge Frank Esposito asked Mr. Michael Mackay's "personal opinion" regarding the legal definition of "attack." Page. 35.

70. Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on the record, during the aforementioned hearing Village Acting Associate Judge Frank Esposito asked Ms. Melinda Mackay a "leading question" "Are you in reasonable apprehension of bodily fear and injury from the second dog or only the Doberman?"

71. Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on the record, Ms. Melinda Mackay testified that "Only the Doberman." Page 42.

72. Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on the record, Ms. Melinda Mackay on cross examination, testified that paraphrase, prior to the fence going up, she walked across Plaintiffs' property. Page 45.

73. Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on the record, Village Acting Associate Judge Frank Esposito determined, Ms. Melinda Mackay's admission is "irrelevant," thereby, impacting Plaintiffs' ability to raise a defense. Page 46.

74. Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on the record, Mr. Allen Yu testified paraphrase, neighborhood always crossing my property,

neighbor crossed his property at midnight, banging on his door using dirty words in front of his 80 year old parent, I don't feal safe for my side, I consulted with the Village and was told I can't build a fence like the Eastman side, I tried to put a fence for safety and it was stopped, I did the best I can but, they stop me. Page Nos: 53 – 65.

75.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on the record, Village Acting Associate Judge Frank Esposito with "Ultra vires," determined, the Doberman Pincher, is in fact, a vicious and annoying animal who did, in fact, attack these people with the definition the Court has provided, much like an assault being in reasonable apprehension of fear of bodily injury. They reasonably believed that there was a potential for bodily injury and ordered the dog to be removed from the Village, end of story, until such time as you can prove to the Village that you can properly contain dog. Page Nos.: 69 – 70.

76.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on the record, Village Acting Associate Judge Frank Esposito with "Ultra vires," did not tell him that his legal determinations and orders are appealable.

77.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on April 26, 2017, they submitted a Short Environmental Assessment Form to Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE regarding the Maintenance of Yu Improvements to be completed on the West Side of Oyster Bay Cove Road, 75.81' North of Shutter Lane: to legalize previously constructed structures, which include the driveway addition, fencing, decks, pergolas, roof over area and accessory cottage. The assessment indicates that the comprehensive plan will not harm the environment and maintains the predominate character of the existing built or natural landscape.

78.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that upon information belief, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE other than "personal subjective opinions'" has not produced any "objective" evidence to suggest otherwise.

79.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on April 28, 2017, Mrs. Elizabeth O'Neill in further support of the campaign of racial and national origin harassment with Defendant THE INCORPORATION OF OYSTER BAY COVE acting on behalf of other similarly situated Caucasian residents using the Zoning Board, Planning Board, Village Court, Buildings and Police Department to frustrate and decrease Plaintiffs' property valuation and diminishment of personal resources to in essence force the sale of the residence to a more **desirable** family, sent a signed letter to the Planning Board, requesting a formal Code Enforcement Request "falsely" claiming that the **wetland area near my home is severely impacted.**

80.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that upon information belief, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE other than "personal subjective opinions'" of Mrs. Elizabeth O'Neill and other similarly situated Caucasian residents, it has not produced any "objective" evidence to suggest otherwise.

81.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Mrs. Elizabeth O'Neill continues to initiate such actions in support several Caucasian residents' campaign of racial and national origin harassment against Plaintiff and his family as there was no public safety issue to consider.

82.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on May 16, 2017, Mrs. Elizabeth O'Neill in further support of the campaign of racial and

national origin harassment with Defendant THE INCORPORATION OF OYSTER BAY COVE acting on behalf of other similarly situated Caucasian residents using the Zoning Board, Planning Board, Village Court, Buildings and Police Department to frustrate and decrease Plaintiffs' property valuation and diminishment of personal resources to in essence force the sale of the residence to a more **desirable** family, made a presentation before the Board of Trustees Meeting "falsely" claiming that Mr. Yu: is creating a disturbance of protected wetland areas and dangerous and illegal outdoor illumination.

83.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Mrs. Elizabeth O'Neill's true motivation for the aforementioned "false" representations before the Board of Trustees as outlined in her presentation: adverse impact on property values

- Two local realtors (Daniel Agency and Piping Rock Realty) have stated the chain link fence, multiple signs announcing "Dangerous Dogs," and garish lighting have greatly diminished the fair market value of Mrs. O'Neill's property. One broker described the fence as "Pure poison;"

- Neighbors are concerned such fences, signs, guard dogs, and lighting can appear overnight on **their** property lines, with no prompt remedy;

- A precedent is being set that any individual or LLC can purchase a Village residence and then make virtually any alteration with no fear of reprisal other than a summons;

- If this precedent becomes known, real estate brokers will be **incentivized to steer desirable purchasers away from the Village and steer undesirable purchasers towards available properties.**

84.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that upon information belief, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE other than "personal subjective opinions'" of Mrs. Elizabeth O'Neill and other similarly situated Caucasian residents, has not produced any "objective" evidence to suggest otherwise.

85.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Mrs. Elizabeth O'Neill continues to initiate such actions in support several Caucasian residents' campaign of racial and national origin harassment against Plaintiff and his family as there was no public safety issue to consider.

86.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on July 12, 2017, they submitted a Short Environmental Assessment Form to Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE regarding the site plan for new dog run. The assessment indicates that the comprehensive plan will not harm the environment and maintains the predominate character of the existing built or natural landscape.

87.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that upon information belief, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE other than "personal subjective opinions'" it has not produced any "objective" evidence to suggest otherwise.

88.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on November 10, 2017, they submitted a Short Environmental Assessment Form to Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE on the West Side of Oyster Bay Cove Road, 75.81' North of Shutter Lane: to legalize previously constructed structures, which include the driveway addition, fencing, decks, pergolas, roof over area and accessory cottage.

The assessment indicates that the comprehensive plan will not harm the environment and maintains the predominate character of the existing built or natural landscape.

89.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that upon information belief, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE other than "personal subjective opinions'" has not produced any "objective" evidence to suggest otherwise.

90.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on December 22, 2017, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE though its Village Court, Acting Associate Judge Frank Esposito, with "Ultra vires" issued a Search and Seizure Warrant and Order of Seizure against Plaintiffs' to search the Premises for the presence of a black Doberman Pincher for the purposes of seizing the same, to be executed at any time of the day. Other than "personal opinions" there is no formal finding of the facts and the law to determine that the Doberman Pincher is vicious or dangerous as required.

91.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on the record, February 15, 2018, whenever his counsel attempted to assert Plaintiffs' legal rights regarding the Court's "Ultra vires" sua sponte Contempt Order against Plaintiffs,' Village Acting Associate Judge Frank Esposito threatened to hold him in contempt. Page Nos.: 47 – 49.

92.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on the record, Village Acting Associate Judge Frank Esposito then held him in contempt and imposed a fine of $250. Page 59.

93.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on the record, Village Acting Associate Judge Frank Esposito with "Ultra vires," did not tell him that his legal determinations and orders are appealable.

94.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on February 1, 2018, Mr. Michael Mackay in further support of the campaign of racial and national origin harassment with Defendant THE INCORPORATION OF OYSTER BAY COVE acting on behalf of other similarly situated Caucasian residents using the Zoning Board, Planning Board, Village Court, Buildings and Police Department to frustrate and decrease Plaintiffs' property valuation and diminishment of personal resources to in essence force the sale of the residence to a more **desirable** family, sent a letter to the Planning Board objecting to the Site Plan as adopted since the May 2017 meeting and treat this application as a new site plan rather than an application to legalize changes already made without permits.

95.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Mr. Michael Mackay's actions in conspiracy with Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE'S Planning Board are designed to financially drain Plaintiffs' resources having nothing to do with benefitting the public.

96.     Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on July 28, 2018, Mrs. Elizabeth O'Neill in further support of the campaign of racial and national origin harassment with Defendant THE INCORPORATION OF OYSTER BAY COVE acting on behalf of other similarly situated Caucasian residents using the Zoning Board, Planning Board, Village Court, Buildings and Police Department to frustrate and decrease Plaintiffs' property valuation and diminishment of personal resources to in essence force the sale of the residence to a more **desirable** family, initiated a call police department complaining about dog barking at 156 Cove Road.

97.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Police Officers Michael Distefano and Christopher Manez assigned to the Oyster Bay Cove Police Department responded to the location and filed a Supporting Deposition.

98.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Police Officer Michael Distefano stated in sum and substance in the Supporting Deposition that: Mrs. O'Neill wanted the police to "confiscate" the dogs; call Animal Control and break into the house; Police Officer Distefano DID NOT see or hear any dogs; Mrs. O'Neill started yelling at Police Officer Distefano and he told Mrs. O'Neill that he's not going to break into Yu residence.

99.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on September 26, 2018, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through its Village Court on the record before Acting Associate Judge Frank Esposito starting receiving "evidence" against them regarding more than three hundred seventy (370) counts involving various Village codes. The trial lasted approximately two (2) hours. There was NO "objective" expert testimony regarding what constitutes being in possession of dangerous, annoying and at large dogs; creating a disturbance of protected wetland areas and dangerous and illegal outdoor illumination.

100.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that in their Pre-Trial Memorandum, raised several defenses: Insufficient accusatory instrument (CPL §100.15); Unconstitutional statute (vague or overbroad) People v. Schrader, 162 Misc.2d 789 (Crim Court NY County 1994), Asian Americans for Equality v. Koch, 72 N.Y.2d 121 (1988), People ex rel. DeMauro v. Gavin, 92 N.Y.2d963 (1998); Non-conforming use People v. Barun Bros. Brushes, 15 Misc3d 1030 (Just. Ct. 2007); Statute of limitations CPL §30.10, §170.30;

Speedy trial CPL §30.30 and Selective prosecution <u>People v. Acme Markets, Inc</u>. 37 N.Y.2d 326 (1975).

101.   Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that in their Pre-Trial Memorandum, raised issues presented: Whether the language of the individual Village Code enforced by the People are 'vague' as to deny Defendants' NORTH LONG ISLAND REALTY, LLC, and ALLEN YU due process of law?; Whether the language of the individual Village Code enforced fails to provide explicit standards for those who apply it?; Whether the language of the individual Village Code enforced by the People is unconstitutionally 'vague' if it authorizes or even encourages arbitrary and discriminatory enforcement?; and Whether the People are 'selectively prosecuting' defendants' ALLEN YU and NORTH LONG ISLAND REALTY, LLC?

102.   Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through its Village Court starting receiving testimony on the record before Acting Associate Judge Frank Esposito starting from Defendant ROBERT WALLES.

103.   Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant ROBERT WALLES admits that: he delivered the summons for the excavation and construction of the driveway but, he does not know if excavation is required to expand the driveway and the summons was issued based upon the facts given by the building inspector (Defendant ROBERT A. PETERSON). Pages 12 – 15.

104.   Yet, Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on June 27, 2016, Defendant ROBERT WALLES signed an Information for Code Violation Ticket No.: 16-003, containing three (3) counts claiming that on June 9, 2016, that "**I**

27

**personally observed that excavation and grading for expansion of a driveway has occurred and the installation of a bluestone surface for the same**. A Search of the Village records indicated that no building permit, excavation or grading permit, site plan approval or other type of Village approval had been issued for any of this work. The source of the statements made herein and the grounds for the belief of the same are my own personal knowledge."

105.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that the testimony of Defendant ROBERT WALLES is in direct conflict with the filed Information for Code Violation Ticket No.: 16-003.

106.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through its Village Court starting receiving testimony on the record before Acting Associate Judge Frank Esposito starting from Defendant ROBERT A. PETERSON.

107.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant ROBERT A. PETERSON admits that: widening the driveway requires minor earth work (Page 30); he received just on the job training about enforcing the Building and Village codes (Page 79); he admits zoning can be very ambiguous. So when there is a question, he calls the Village Attorney (Page 82); he's left to interpret what is the law (Page 84); there is no supervisor (Page 85); although he signed an information alleging that he observed more than three hundred (300) violations, that was a continuation but, he does not know if it adds up (Pages 87 – 88); he received no training how to issue violations (Page 89); he issued a stop work order but, cites to no legal authority (Page 94); he's not a fan of the lighting code (Page 96).

108.    Yet, Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on April 19, 2017, Defendant THE INCORPORATED VILLAGE OF OYSTER

BAY COVE through Defendant ROBERT A. PETERSON signed an Information for Code Violation Ticket No.: _____, containing **three hundred seventy (370) counts** claiming that between October 3, 2016 through April 12, 2017, that on September 26, 2016, "**I personally observed** that a fence had been installed along the easterly property line and two driveway entrance gates. I also observed two on-grade decks in the rear yard had been built adjacent to the cottage. I further observed that a chainlink roofless enclosure had been installed between two pre-existing non-conforming sheds. All of these structures were located within the 100 foot wetlands buffer area. A search of the Village records indicated that no building permit, Planning Board approval or other type of Village approval had been issued for any of these structures. I also observed that the nonconforming cottage on the property had been altered to increase its nonconformity. No building permits or other Village approvals had been issued for this alteration.

109.   Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that the testimony of Defendant ROBERT A. PETERSON is in direct conflict with the filed Information for Code Violation Ticket No.: _____.

110.   Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges throughout the proceedings, other than selective "personal opinions," Defendants' THE INCORPORATED VILLAGE OF OYSTER BAY COVE, ROBERT WALLES and ROBERT A. PETERSON did not produce any "objective" evidence of probative value establishing violations of the Building and Village codes.

111.   Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges at the close of the proceedings, on the record before Acting Associate Judge Frank Esposito they made a motion to dismiss all charges to the Village Code.

29

112.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that the Village Code on the record before Acting Associate Judge Frank Esposito DENIED its motion to dismiss all charges.

113.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on October 4, 2018, the Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through its Planning Board in support of Mrs. Elizabeth O'Neill and other similarly situated Caucasian neighbors conspiracy to frustrate and decrease Plaintiffs' property valuation and diminishment of personal resources to in essence force the sale of the residence to a more **desirable** family, **RESOLVED**, that the application of Allen Yu, owner of a 4.31 acre parcel of land located at 156 Cove Road in the Village, designated as Section 27, Block G, Lot 1506 on the Land and Tax Map of Nassau County and located within the Village's A-1 (2 acre) zoning district in which the Applicant seeks site plan approval, a freshwater wetlands permit and approval pursuant to Article XIV of the Village Code, entitled, *"Scenic & Historic By-Ways"* to permit alterations to the existing building, expansion of an existing driveway, including the construction of new piers and a gate, and to maintain an existing deck, all as shown on the site plan entitled *"Site Plan"* prepared by Bladykas & Panetta, L.S. & P.E. and the last dated October 11, 2017 be, and the same hereby is **DENIED** with leave to allow the Applicant to comply with the directions contained in the letter from the Building Department attached to these minutes as Exhibit A, and resubmit to this Board.

114.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that since September 2, 2014, despite "attempting to comply" with the Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE application and review processes, the Planning Board, Zoning Board and Buildings Department, in support of Mrs. Elizabeth O'Neill

30

and other similarly situated Caucasian neighbors conspiracy to frustrate and decrease Plaintiffs'

property valuation and diminishment of personal resources to in essence force the sale of the

residence to a more **desirable** family, continues to **DENY** his *Site Plan"* without as much as an

"objective" safety analysis study regarding the *"Site Plan."*

115.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that

on December 10, 2018, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY

COVE through its Village Court on the record Village Acting Associate Judge Frank Esposito

entered a finding of GUILTY.

116.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that

Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through its Village

Court on the record before Acting Associate Judge Frank Esposito DENIED the Void for

Vagueness argument despite cross-examination testimony from Defendant ROBERT A.

PETERSON whereas he admits zoning can be very ambiguous. So when there is a question, he

calls the Village Attorney (Page 82); he's left to interpret what is the law (Page 84). Village

Acting Judge Frank Esposito DENIED the Selective Enforcement argument too.

117.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that

Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through its

prosecution, urged the Village Court on the record before Acting Associate Judge Frank Esposito

to impose the maximum fine of $971,000, without citing to a case or statute authorizing such a

penalty.

118.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that

Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through the Village

Court on the record before Acting Associate Judge Frank Esposito with "Ultra vires" then

31

imposed a penalty equal to 25% of the maximum fines permitted by law or $242,750.[1] Further, "Defendants' are to comply with the Village Code in its entirety, to the satisfaction of the People, within six months of the date of this Decision and Order or face additional penalties of $50 per day per violation proved by the People at any subsequent hearing noticed by the People. The People are ordered to undertake any further action necessary to effectuate this Decision and Order within thirty days. This constitutes the Decision and Order of the Court."

119.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on the record, Village Acting Associate Judge Frank Esposito with "Ultra vires," did not tell him that his legal determinations and orders are appealable.

120.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that through counsel, on January 10, 2019, notified the Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through its Village Clerk of their intention to file a Notice of Appeal but, needed the instructions for the proper procedure.

121.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through its Village Clerk ignored their request to file a Notice of Appeal and the instructions for the proper procedure.

122.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that through counsel, on January 10, 2019, notified the Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through its Village Clerk of their intention to file a Notice of Appeal and sent the notice via first class mail.

---

[1] Village Acting Associate Judge Frank Esposito did not cite to a case or statute authorizing such a "gross" penalty.

123.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on January 18, 2019, Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through its Village Clerk entered a judgment of $242,750, thereby causing more financial distress.

124.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that on October 8, 2019, to avoid any further judgment encumbering his name and properties, he paid Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through its Village Clerk $241,253.30.

125.    Plaintiffs' ALLEN YU and LONG ISLAND REALTY, LLC alleges that Defendants' THE INCORPORATED VILLAGE OF OYSTER BAY COVE, ROBERT WALLES and ROBERT A. PETERSON'S actions in support of the Caucasian residents' campaign of racial and national origin harassment using the Zoning Board, Planning Board, Village Court, Buildings and Police Department to frustrate and decrease Plaintiffs' property valuation and diminishment of personal resources to in essence force the sale of the residence to a more **desirable** family constitutes a taking, in violation of his Fourteenth Amendment rights.

126.    Plaintiffs' ALLEN YU and LONG ISLAND REALTY, LLC alleges that Defendants' THE INCORPORATED VILLAGE OF OYSTER BAY COVE, ROBERT WALLES and ROBERT A. PETERSON violated their civil rights under The Civil Rights Act of 1871, 42 U.S.C. § 1983.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### EQUAL PROTECTION – SELECTIVE PROSECUTION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

127.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC re-allege

Paragraphs 1 through 126 and incorporate them by reference as Paragraphs 1 through 126 of Count I of this Complaint.

128.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC allege that Defendants' ROBERT WALLES and ROBERT A. PETERSON under color of law personally interfered with and deprived them of their civil rights.

129.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendants' ROBERT WALLES and ROBERT A. PETERSON in acting to deprive them of their constitutional rights, acted intentionally, knowingly, willfully, and with gross disregard of their rights.

130.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendants' ROBERT WALLES and ROBERT A. PETERSON subjected them to malicious, false, race-based enforcement and prosecution activities in support of Mrs. Elizabeth O'Neill's and other similar situated Caucasian residents' campaign of racial and national origin harassment using the Zoning Board, Planning Board, Village Court, Buildings and Police Department to frustrate and decrease Plaintiffs' property valuation and diminishment of personal resources to in essence force the sale of the residence to a more **desirable** family.

131.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendants' ROBERT WALLES and ROBERT A. PETERSON'S actions under color of law, caused them to sustain significant damages, including loss of personal property and property valuation, other related costs and damages.

## COUNT II
## PROCEDURAL DUE PROCESS
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

132.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC re-allege

Paragraphs 1 through 131 and incorporate them by reference as Paragraphs 1 through 131 of

Count II of this Complaint.

133.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC allege that

Defendants' ROBERT WALLES and ROBERT A. PETERSON under color of law personally

interfered with and deprived them of their civil rights.

134.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges

that Defendants' ROBERT WALLES and ROBERT A. PETERSON in acting to deprive them

of their constitutional rights, acted intentionally, knowingly, willfully, and with gross disregard

of their rights.

135.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges

that Defendants' ROBERT WALLES and ROBERT A. PETERSON subjected them to

malicious, false, race-based enforcement and prosecution activities in support of Mrs. Elizabeth

O'Neill's and other similar situated Caucasian residents' campaign of racial and national origin

harassment using the Zoning Board, Planning Board, Village Court, Buildings and Police

Department to frustrate and decrease Plaintiffs' property valuation and diminishment of personal

resources to in essence force the sale of the residence to a more **desirable** family.

136.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges

that Defendants' ROBERT WALLES and ROBERT A. PETERSON'S actions under color of

law, caused them to sustain significant damages, including loss of personal property and

property valuation, other related costs and damages.

## COUNT III
### SUBSTANTIVE DUE PROCESS
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

137.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC re-allege

Paragraphs 1 through 136 and incorporate them by reference as Paragraphs 1 through 136 of Count III of this Complaint.

138. Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC allege that Defendants' ROBERT WALLES and ROBERT A. PETERSON under color of law personally interfered with and deprived them of their civil rights.

139. Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendants' ROBERT WALLES and ROBERT A. PETERSON in acting to deprive them of their constitutional rights, acted intentionally, knowingly, willfully, and with gross disregard of their rights.

140. Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendants' ROBERT WALLES and ROBERT A. PETERSON subjected them to malicious, false, race-based enforcement and prosecution activities in support of Mrs. Elizabeth O'Neill's and other similar situated Caucasian residents' campaign of racial and national origin harassment using the Zoning Board, Planning Board, Village Court, Buildings and Police Department to frustrate and decrease Plaintiffs' property valuation and diminishment of personal resources to in essence force the sale of the residence to a more **desirable** family.

141. Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendants' ROBERT WALLES and ROBERT A. PETERSON'S actions under color of law, caused them to sustain significant damages, including loss of personal property and property valuation, other related costs and damages.

**COUNT IV**
**CONSPIRACY**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

142.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC re-allege Paragraphs 1 through 141 and incorporate them by reference as Paragraphs 1 through141 of Count IV of this Complaint.

143.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC allege that Defendants' ROBERT WALLES and ROBERT A. PETERSON under color of law personally interfered with and deprived them of their civil rights.

144.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendants' ROBERT WALLES and ROBERT A. PETERSON in acting to deprive them of their constitutional rights, acted intentionally, knowingly, willfully, and with gross disregard of their rights.

145.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendants' ROBERT WALLES and ROBERT A. PETERSON subjected them to malicious, false, race-based enforcement and prosecution activities in support of Mrs. Elizabeth O'Neill's and other similar situated Caucasian residents' campaign of racial and national origin harassment using the Zoning Board, Planning Board, Village Court, Buildings and Police Department to frustrate and decrease Plaintiffs' property valuation and diminishment of personal resources to in essence force the sale of the residence to a more **desirable** family.

146.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendants' ROBERT WALLES and ROBERT A. PETERSON'S actions under color of law, caused them to sustain significant damages, including loss of personal property and property valuation, other related costs and damages.

**COUNT V**
**MONELL CLAIM**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

147.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC re-alleges
Paragraphs 1 through 146 and incorporates them by reference as Paragraphs 1 through 146 of
Count V of this Complaint.

148.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges
Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through its agents
Defendants' ROBERT WALLES and ROBERT A. PETERSON caused their injuries.

149.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC allege that
Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE under color of law
personally interfered with and deprived them of their civil rights.

150.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges
that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE in acting to
deprive them of their constitutional rights, acted intentionally, knowingly, willfully, and with
gross disregard of their rights.

151.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges
that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE through its
agents Defendants' ROBERT WALLES and ROBERT A. PETERSON subjected them to
malicious, false, race-based enforcement and prosecution activities in support of Mrs. Elizabeth
O'Neill's and other similar situated Caucasian residents' campaign of racial and national origin
harassment using the Zoning Board, Planning Board, Village Court, Buildings and Police
Department to frustrate and decrease Plaintiffs' property valuation and diminishment of personal
resources to in essence force the sale of the residence to a more **desirable** family.

152.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges
that Defendant THE INCORPORATED VILLAGE OF OYSTER BAY COVE'S actions under

color of law, caused them to sustain significant damages, including loss of personal property and property valuation, other related costs and damages.

**COUNT VI**
**TAKINGS CLAIM**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

153.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC re-alleges Paragraphs 1 through 152 and incorporates them by reference as Paragraphs 1 through 152 of Count VI of this Complaint.

154.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC allege that Defendants' ROBERT WALLES and ROBERT A. PETERSON under color of law personally interfered with and deprived them of their civil rights.

155.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendants' ROBERT WALLES and ROBERT A. PETERSON in acting to deprive them of their constitutional rights, acted intentionally, knowingly, willfully, and with gross disregard of their rights.

156.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendants' ROBERT WALLES and ROBERT A. PETERSON subjected them to malicious, false, race-based enforcement and prosecution activities in support of Mrs. Elizabeth O'Neill's and other similar situated Caucasian residents' campaign of racial and national origin harassment using the Zoning Board, Planning Board, Village Court, Buildings and Police Department to frustrate and decrease Plaintiffs' property valuation and diminishment of personal resources to in essence force the sale of the residence to a more **desirable** family.

157.    Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC alleges that Defendants' ROBERT WALLES and ROBERT A. PETERSON'S actions under color of

law, caused them to sustain significant damages, including loss of personal property and property valuation, other related costs and damages.

## JURY TRIAL

Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC demand a trial by jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs' ALLEN YU and NORTH LONG ISLAND REALTY, LLC demands compensatory and punitive damages from Defendants' THE INCORPORATED VILLAGE OF OYSTER BAY COVE; ROBERT WALLES and ROBERT A. PETERSON in an amount to be determined at trial, plus available statutory remedies, both legal and equitable, interests and costs.

Dated: November 19, 2020
New York, NY

Respectfully submitted,

By: _____
Eric Sanders (ES0224)

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com